Whitney *v.* Hammond.

---

WILLIAM C. WHITNEY *versus* MOSES HAMMOND ET ALS.

The statute of 1844, ch. 109, did not repeal any of the provisions of ch. 76, of R. S., by exempting manufacturing corporations from their operation; except upon the conditions therein named; and when by the statute of 1855, the remedy was changed to *scire facias*, it applied to such manufacturing corporations as should not comply with those conditions; and in an action against the stockholders of such corporation to recover a corporate debt, *scire facias* was the proper form of action.

And such action may be commenced as soon as the officer shall ascertain and certify upon the execution that he cannot find corporate property or estate, and before the return day of the execution.

The facts necessary to render a stockholder liable may as well be ascertained and certified upon the second execution as the first.

EXCEPTIONS to the rulings of GOODENOW, J.

This is a case of SCIRE FACIAS against the defendant, as stockholder in the South Paris Manufacturing Company.

And now, William Deering, one of the defendants, comes into court, and moves the court, that the writ and declaration should be quashed, abated and annulled, and for his costs, for the following reasons, appearing upon the face of the same.

1. Because the writ ought not to be a writ of *scire facias*, but the plaintiff's remedy, if any he have, ought to be by an action of the case, or of debt.

3. Because the writ was sued out before the return day of said second writ of execution, and so earlier than the same could be allowed him by law.

3. Because the officer did not make the certificate required by the R. S., ch. 76, s. 18, on the first execution issued on said judgment, and because it is not alleged that any officer did make such a certificate on said writ of execution.

Whereupon the presiding justice of this court sustained the motion, and ordered the writ abated, as a matter of law.

To which order and ruling the plaintiff excepts, and prays that his exceptions may be allowed.

*Howard & Strout,* counsel for the plaintiff.

The law of 1844, ch. 109, s. 3, (relating to manufacturing corporations) provides, that such proceedings may be had to enforce the remedy against stockholders as is provided in the R. S., ch. 76. The law of 1855, ch. 169, substitutes *scire facias* for the remedy provided by the R. S., ch. 76.

The reference, in the law of 1844, to the R. S., ch. 76, is a reference to that chapter as it then was, or may afterwards be amended. Same remedy against all stockholders in corporations. Since the law of 1855, to the date of this writ, the R. S., ch. 76, provides the remedy of *scire facias.*

The laws of 1856, ch. 271, repealing the laws of 1855, ch. 169, saves pending actions. This action was pending when the repealing act went into operation.

The certificate required to be made by an officer, by the R. S., ch. 76, s. 18, was made. There is no requirement that

it should be made upon the first execution, or at any particular time. *Gross* v. *Hilt*, 36 Maine R., 22.

The return mentioned in the laws of 1855, ch. 169, is the return or certificate of the o ꞓcer on the back of the execution, and not its return to court. R. S., ch. 76, s. 18; *Gross* v. *Hilt*, before cited.

The R. S., ch. 76, ss. 19 and 29, authorize a suit before return day of the execution. *Gross* v. *Hilt*, before cited.

*J. C. Woodman*, counsel for William Deering, one of the defendants.

The action was not maintainable in the form of *scire facias*, and was properly abated on that account.

The action is brought on the R. S. of 1841, ch. 76, s. 30, and on no other section of that, or any other, statu .

The writ alleges, that "the South Paris Manufacturing Company was created a corporation by the legislature of the state of Maine, since the seventeenth day of March, in the year eighteen hundred and thirty-one;" that the debt on which judgment was recovered by said Whitney, as afore-said, was contracted by said corporation since the sixth day of February, 1836, to wit: on the eighth day of March, one thousand eight hundred and forty-nine;" that each of the defendants, at the time when said debt was contracted, was the owner of a certain number of shares in the capital stock of the South Paris Manufacturing Company, which he had acquired since the 24th day of April, 1839, in his own right, and that he did not hold said shares as executor, administrator, guardian or trustee. The charter shows that the corporation was not a corporation for literary or benevolent purposes. The facts above stated show that the writ was drawn on the R. S. of 1841, ch. 76, s. 30. That section prescribes no form of remedy. In such case the remedy is by an action of debt or an action of the case. R. S. of 1841, ch. 115, s. 21; *Houghton* v. *Stowell*, 28 Maine R., 215; 1 Chit. Pl., 101, 134. When this action was commenced the said 30th section had not been repealed. If, then, this action was brought on s. 30

aforesaid, and the remedy on s. 30 was an action of debt or an action of the case; as that section was not repealed the action ought to have been brought in the form of debt or case. *Scire facias* was not and is not a proper form of process to recover anything by force of the statute, save in those cases where it is specially provided　The statute of 1855, ch. 169, provides a new section to take the place of ss. 19 and 20, in the 76th chapter of the R. S. of 1841—a new remedy to recover on s. 18, in the same chapter.　But this action was not brought on s. 18, and so the new remedy of *scire facias* did not apply.

2. Again, *scire facias* was not the proper remedy, because the corporation was a manufacturing corporation.　If this action was not brought on s. 30 of the 76th chapter of the R. S. of 1841, it was not rightly brought on s. 18, and the new s. 19, enacted in 1855, of the same statute, because the corporation was a manufacturing corporation.　On certain conditions, manufacturing corporations and their stockholders were entirely exempted from the liability to double up imposed by the R. S. of 1841, ch. 76, s. 18.　See statute of 1844, ch. 109, s. 4.　If those conditions were not complied with, the stockholders of manufacturing corporations were made liable to a much heavier burden, namely: the burden of paying all the debts of the corporation in full.　Statute of 1844, ch. 109, s. 3.　By this action of the Legislature in 1844, so far as manufacturing corporations were concerned, the burdens upon their stockholders provided by the R. S. of 1841, ch. 76, ss. 18 and 30, were entirely abrogated and superseded.　On one condition the burden was removed, and on another it was increased.

When the Legislature of this state has revised the subject matter of any statutes of Massachusetts, and enacted corresponding provisions, adapted to the wants of the people, the former statutes are to be considered as no longer in force, though not expressly repealed.　*Towle* v. *Mariett*, 3 Greenl. R., 25 and 26.

A subsequent statute, revising the whole subject matter

of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on the principles of law, as well as in reason and common sense, operate to repeal the former law. *Bartlett et al.* v. *King, Extr.*, 12 Mass. R., 545; *Henry Ashley, Appellant*, 4 Pick. R., 23; *Commonwealth* v. *Croley*, 10 Pick. R., 39; *Goddard* v. *Boston*, 20 Pick. R., 410.

So when the statute covers the whole subject of our English statute, it operates a repeal. *Mann* v. *Waite*, 1 Pick. R., 458.

But when some parts of a statute revised are omitted in the revising statute, they are not to be revised by construction, but are to be considered as annulled. *Ellis* v. *Page*, 1 Pick. R., 45; *Rutland* v. *Mendon*, 1 Pick. R., 155; *Blackburn* v. *Walpole*, 9 Pick. R., 103. When the statute imposes a new penalty for one offence, it repeals, by implication, so much of the former statute as imposes a different penalty. *Nichols* v. *Squire*, 5 Pick. R., 168; *Commonwealth* v. *Kimball*, 21 Pick. R., 376. These authorities are sufficient to show that the burden imposed upon stockholders by the R. S. of 1841, ch. 76, ss. 18 and 30, so far as relates to manufacturing corporations, were virtually abrogated and annulled by the statute of 1844, ch. 109. The law does not mean, after compelling the stockholders to double up, and thus pay part of the debts of the corporation, for each of them to be sued again, and compelled to pay *all the debts of the corporation, in full, or all the remainder of the debts in full*. By the statute of 1844 it makes each stockholder liable to pay all of the debts in full, on condition. By the R. S. of 1841, ch. 76, ss. 18 and 30, it never went further than to compel the stockholder, "in case of deficiency of attachable corporate property, to double up towards the payment of certain debts. But after one stockholder has been sued and compelled to pay all the debts in full, there cannot be any other debts left towards which he and the other stockholders may be compelled to double up. The establishment of the new and greater burden on the stock-

holder not only abrogates the former burden, but *removes all ground for it.* If it was the meaning of the law that the stockholders might be held to pay the whole amount of the debts of the corporation, and then to double up afterwards, or to double up first, and then to pay the whole amount of the debts of the corporation afterwards, then, as both liabilities or burdens were recoverable by an action of the case, both might have been sued for in one action.

The present liability of members of a corporation, in certain cases, for the payment of the corporate debts, depends solely on provisions of positive laws, which, like *penal statutes,* are to be construed strictly. *Gray* v. *Coffin and trustee,* 9 Cush. R., 192.

The statute of 1844, ch. 109, ss. 3 and 4, like penal statutes, ought to be construed strictly against the claims of the creditor, and liberally in favor of the stockholder, who stands in the place of the accused. For the statute imposes a heavy liability upon the stockholder, and that liability may arise from an act which the stockholder cannot prevent.

By s. 4. all such manufacturing corporations as shall observe the prohibitions and keep within the limits prescribed in the third section of the act, shall be exempted from the operation of sections eighteen and thirty of chapter seventy-six of the Revised Statutes. In the third section it is provided that " a compliance on the part of such companies with the prohibitions and limitations aforesaid, shall relieve the stockholders of such corporations from all individual liability for the debts of their respective companies; but if the debts of such companies shall at any one time exceed either of the limitations aforesaid, then the stockholders *in* such companies shall at once become liable, individually, for all the debts of their respective companies." Construing the statute strictly, the fourth section might not be held *to* exempt the stockholder from personal liability on a compliance with the conditions. That, however, is not material, for during the present argument, and for the hearing on this first point in the motion, it must be conceded that the corporation did not

comply with the conditions. Neither on this first cause in the motion do we claim to succeed under the first clause cited from s. 3. But we claim it under the second clause of s. 3. In that clause the legislature has fixed a new and heavier burden upon the stockholders of manufacturing corporations. Construing the statute strictly like a penal statute, we say this new and heavier burden must be considered a substitution for the former liability; and consequently an abrogation of the former liability, so far as the stockholders of manufacturing corporations are concerned; and that it cannot be the legislature intended to impose upon them two different burdens, and leave both in force at the same time. The language in each statute forbids the idea. The aim of each was to pay off the indebtedness of the corporation, and no such construction can be adopted, as to sustain the position that the debts, or any part of the debts, are to be paid twice. The true meaning of s. 4 of ch. 109, of the statute of 1844, must be this: " All such manufacturing corporations as shall observe the prohibitions and keep within the limitations prescribed in the third section of this act, shall be exempted from the operation of sections eighteen and thirty of chapter seventy-six of the Revised Statutes," as modified by the preceding section. The only burden now resting on a stockholder of a manufacturing corporation is the one provided in the statute of 1844, ch. 109, s. 3, as modified by the statute of 1850, ch. 157, s. 1.

What is the remedy for this new and increased liability? The statute says: " Such liability shall continue for the same period of time, and such proceedings shall be had to enforce the same against such stockholders, but without limitation as to amount, and also contribution between stockholders, as is provided in chapter seventy-six of the Revised Statutes;" (statute of 1844, ch. 109, s. 3;) but such proceedings may be hereafter provided and incorporated into ch. 76 of the R. S., by substitution, but such as " is provided " in that chapter *now*; (to wit: on the 21st day of March, 1844.) This clause gives the plaintiff the same remedy as the 76th chap-

ter of the R. S. gave *at that time.* If the action arises on s. 30, as we have endeavored to show, then it should have been in the form of debt, or an action of the case, as has been already shown. If the action arises on s. 18, then the remedy was by a direct levy of the execution on the property of the stockholder, or by an action of the case. R. S., ch. 76, ss. 30, 18, 19 and 20. These remedies do not depend upon the Revised Statutes, although they are the same as existed in the R. S. in March, 1844. But they are made, established and found in the statute of 1844, ch. 109. So if these remedies had been removed entirely from the R. S., they would still have existed in the statute of 1844. The above recited clause, from the statute of 1844, ch. 76, s. 3, incorporates, by reference, so much of the 18th, 19th, 20th and 30th sections of ch. 76 of the R. S., as fixes the forms of remedy and the limitation of time. It is made a part of the statute of 1844. *Foss* v. *Crisp*, 20 Pick. R., 123 and 124; *Adams* v. *Hill*, 16 Maine R., 219; *Lincoln* v. *Wilder*, 29 Maine R., 169; *Thomas* v. *Patten*, 13 Maine R., 329; *Lunt* v. *Holland*, 14 Mass. R., 151; *Prop.'s Ken. Purchase* v. *Tiffany*, 1 Greenl. R., 123. If a deed refers to a line or corner between A and B, the line or corner as *then* existing between A and B is adopted into and made a part of such deed by reference. Any change of the line or corner subsequently made by A and B cannot alter this corner as adopted into the deed by reference. It is adopted as it was at the time. So, in this case, the remedies adopted by the statute of 1844, ch. 109, were such as were provided by and existed in the R. S., ch. 76, at the *time* of adoption, (March 21st, 1844,) and not such as have been enacted in place of them since. Those remedies in the 18th section were by a direct levy of the execution or by an action of the case. For the case provided in the 30th section, the remedy provided in the R. S. was an action of debt or case. Under no possible circumstances did an action of *scire facias* lie, for any cause declared in the 76th chapter of the R. S. It is said that ss. 19 and 20, of the 76th ch. of the R. S., are re-

pealed, and a new section, 19, is provided by the statute of 1855, ch. 169. But the remedy in this case is not provided by the R. S., but by the statute of 1844, ch. 109, and that is not repealed.

The statute of 1844 says, " such proceedings shall be had to enforce the same against such stockholders, as is provided in R. S., ch. 76." The proceedings provided in R. S., ch. 76, were a direct levy of the execution on the property of the stockholders, or an action of the case. So the same proceedings were provided by the statute of 1844. Those forms having been adopted by the statute of 1844, must remain till they are stricken therefrom by an act of the legislature. It is said that those forms have been stricken from the 76th chapter of the Revised Statutes since. True, but they have not been stricken from the statute of 1844. So they are the only proper forms to be adopted against stockholders of manufacturing corporations. If the same remedies would have existed without enactment in the statute of 1844, it would not have been necessary to have enacted them in that statute, and they would not have been enacted in that statute. But without such enactment the creditor could not have had the same remedies. He could not have levied his execution directly on the property of the stockholder. This remedy, then, against stockholders of manufacturing corporations, was originally provided in the statute of 1844. Manufacturing corporations and their stockholders, by the 1st, 2d and 4th sections of chapter 109, of the statute of 1844, were taken out of the provisions of the 76th chapter of the Revised Statutes. So if the remedies provided in the R. S., ch. 76, had not been re-enacted in the statute of 1844, ch. 109, s. 3, the creditor could not have had them. He could not have levied his execution directly. The general principles of law would have given him an action of debt. R. S., ch. 115, s. 21.

So the 19th and 20th sections of the 76th chapter of the Revised Statutes might be repealed, and the statute of 1844, ch. 109, remain in full force, and stand good against manu-

21

facturing corporations and their stockholders.   In such case the liabilities against stockholders of manufacturing corporations might remain, and in such a case the creditor might levy his execution directly upon the property of the stockholder, or proceed by an action of the case, because those provisions would still exist, by their re-enactment in the statute of 1844, ch. 109.   And that is just this case.   For these reasons the remedies enacted and established in the 3d section of the 109th chapter of the statute of 1844 remain, notwithstanding the 19th and 20th sections, and a part of the 18th section, of the 76th chapter of the Revised Statutes, have been repealed.   If these remedies (an action of the case or a levy of the execution on the property of the stockholders) do not remain in spite of the repeal of the 19th and 20th sections of the 76th chapter of the Revised Statutes, the remedy would be debt under R. S., ch. 115, s. 21.   For the repealing act (statute of 1855, ch. 169, s. 1,) substitutes a new section (19,) which is wholly inapplicable to stockholders of manufacturing corporations, and unsuited to carry into effect the liabilities imposed on them.   Although this new section was enacted in 1855, it was to be incorporated into the Revised Statutes of 1841.   Therefore it could not have been intended to repeal the statute of 1844, ch. 109. That statute still remains in force.   The stockholder of a manufacturing corporation, under that statute, is not liable to double up.   He is either liable to pay the whole of the creditor's debt or no part of it.   That the remedy of *scire facias*, provided by statute of 1855, ch. 169, was not applicable to stockholders of manufacturing corporations, and not intended to apply to them, is evident.   This statute provides that " in the execution issued upon any such judgment in *scire facias*, the proportion to be paid by each of said stockholders shall be specifically designated."   But no such provision could be applicable or intended for stockholders of manufacturing corporations, because all of those sued would be liable for the whole or no part of the debt.   Again the statute of 1855, enacting the new section, 19, for chapter 76

of the Revised Statutes, provides, that "in such action of *scire facias*, any defendant may prove in reduction of his liability, the amount of debt of the corporation he has previously paid, re-payment of which has not been made or secured to him, and may show any other legal cause why judgment should not be rendered against him." Now no such provision could be applicable or intended for stockholders of manufacturing corporations, because they are either liable for the whole debt or no part of it.

Moreover, by force of the statutory provisions, there arises an anachronism as to the order of these statutes. The present s. 19 of ch. 76 of the Revised Statutes, though enacted in 1855, is carried backwards, and takes date with the Revised Statutes on the first day of August, 1841. The proceedings for enforcing liabilities against stockholders of manufacturing corporations are the same as provided by the R. S., ch. 76; but these proceedings are authorized and established by the statute of 1844, ch. 109, s. 3. These proceedings being a direct levy of the execution on the property of the stockholder, or an action of the case, and being authorized or established in 1844, cannot have been abrogated or repealed by a statute which takes date on the first day of August, 1841. It is not possible, therefore, that the proceedings authorized by the statute of 1844, ch. 109, s. 3, has been abrogated. Nor can the liability against a stockholder of a manufacturing corporation be enforced by *scire facias.* The present s. 19 of ch. 76 of the Revised Statutes, though enacted in 1855, stands back among the statutes of 1841, prior to 1844, and so cannot act upon and modify the remedy provided by the subsequent statute of 1844.

3. But even if the action is rightly brought in the form of *scire facias*, there is another fatal objection which appears on the face of the writ. It is brought too soon. The writ alleges that the execution was issued April 2, 1856; that it was returned unsatisfied April 21, 1856; and the writ bears date April 30, 1856. By law this execution was returnable July 2, 1856; and for the purpose of commencing a *scire*

*facias*, could not be legally returned *unsatisfied* earlier, nor could a writ of *scire facias* issue on the judgment before that time. R. S.. ch. 115, ss. 103 and 105. *Adams et al* v. *Cummiskey*, 4 Cush. R., 420; *Niles* v. *Field*, 2 Met. R., 327; *Rowland* v. *Seymour*, 2 Met. R., 590. *Adams* v. *Cummiskey* was *scire facias* against a trustee, and the statutes appear to make the case perfectly analagous to this. The principal debtor has the life of the execution, before the auxiliary suit can be commenced. The action cannot be maintained on the return of the first execution, " because the officer holding the execution did not first ascertain and certify upon such execution, that he could not find corporate property or estate," as required by R. S., ch. 76, s. 18. And it cannot be maintained on the return of the second execution, because the execution was so returnable, and could not *be returned unsatisfied* for the purpose of commencing a writ of *scire facias*, before July 2, 1856, the day of return. The plaintiff refers to *Grose* v. *Hilt*, 36 Maine R., 22. *Grose* v. *Hilt* was an action of the case commenced on the R. S., ch. 76, s. 18, and before the statute of 1855, ch. 169, was passed. The 18th section of ch. 76 of the Revised Statutes did not require the execution to be returned unsatisfied before the auxiliary action of the case against the stockholder could be brought. So the case of *Grose* v. *Hilt* does not apply. The plaintiff's action is brought on statute of 1855, ch. 169. The plaintiff contends that the words " as aforesaid," in the new 19th s. of the 76th ch. of the Revised Statutes, as enacted in statute of 1855, ch. 169, limit the words, " after such execution shall have been returned unsatisfied," so that the execution may be returned before the return day, and that it merely refers to the certificate required in the 18th s. of the 76th ch. of the Revised Statutes. This new 19th section certainly requires the execution to be " returned unsatisfied." The execution could not be literally " returned unsatisfied, *as aforesaid*," because the previous section, the 18th section, did not require the execution to be returned unsatisfied, nor to be returned at all. Some interpretation must be made

upon the words "as aforesaid." It might be read, "After such execution shall be returned unsatisfied [upon the judgment] as aforesaid;" or the words "as aforesaid" may be rejected as a *lapsus permœ.* They cannot refer to any return of the execution unsatisfied, named in the eighteenth or previous section, because no return is named in said section. It will not do to dispense with the more important words, "*after said execution shall have been returned unsatisfied,*" for the sake of the unimportant words, "*as aforesaid.*" The latter must give way to the former. The statute of 1855 requires the execution to be "returned unsatisfied," and this is the uniform course, where *scire facias* issues. The R. S., ch. 76, did not originally require the execution to be returned. An action of debt may always be commenced before the return of the execution. The execution was required to be returned unsatisfied in this case, but could not be till July 2, 1856. Of course the action was prematurely brought.

That this is so, becomes more evident by a comparison of the old sections 19 and 20, in chapter 76, with the new section 19, enacted in 1855. That statute was made for the partial relief of stockholders. That new section allows the defendant to prove in reduction of his liability, the amount of debt he has previously paid for the corporation which has not been repaid to him; authorizes an adjustment of the debt in suitable proportions between the defendants, and allows the defendants to show any other legal cause why judgment should not be rendered against them. In these respects it is decidedly more favorable to stockholders than the old sections. Yet if this action is not prematurely brought, it is more unfavorable to the stockholders. For the old sections 18, 19, and 20 required that the officer holding the execution should give the stockholder notice of the same, and of his intention to levy on his individual property, and of the amount of deficiency, and then and only then, can the creditor (if the stockholder does not on such demand and notice disclose and show to the creditor or the officer

attachable corporate property or estate sufficient to satisfy said execution and all fees,) levy his execution on the property of such stockholder.   In like manner the creditor, until after such demand and notice, by virtue of those sections can maintain no action of the case.   But no such demand and notice is required before commencing a writ of *scire facias*, under the new section 19, enacted in 1855.   So if the action can be commenced immediately before the return day of the execution, the stockholder may be put to cost sooner (and without giving him any notice at all,) under the new section made for his relief in 1855, than under the old sections of the Revised Statutes.   When it is considered that this statute was made expressly for the relief of stockholders, as is manifest upon its face, we cannot believe that such a result was intended by the legislature, or that it is fairly to be inferred from their acts.   The principle of strict construction forbids it.   And the writ was commenced too soon.

4.  These objections may be taken advantage of at any time on motion.   *Martin* v. *Commonwealth,* 1 Mass. R., 357; *Osgood* v. *Thurston,* 23 Pick. R., 111, 112; *Clark* v. *Rook,* 15 Mass. R., 221; *Williams* v. *Blunt,* 2 Mass. R., 217; *Marine Bank* v. *Hervey,* 21 Maine R., 45; *Bailey* v. *Smith,* 12 Maine R., 196; *Tibbets* v. *Shaw,* 19 Maine R., 204; *Upham* v. *Bradley,* 17 Maine R., 426; *Greenwood* v. *Fales,* 6 Greenl. R., 406; *Guild* v. *Richardson,* 6 Pick. R., 369; *Brown* v. *Lyman,* 1 Pick. R., 32; *Hart* v. *Fitzpatrick,* 2 Mass. R., 512; *Cook* v. *Gibbs,* 3 Mass. R., 196; *Williams* v. *Hingham and Quincy Turnpike,* 4 Pick. R., 345; *Bartlett* v. *Crozier,* 17 John. R., 456; *Eustis* v. *Kidder,* 26 Maine R., 98; *State* v. *Lane et al.,* 33 Maine R., 538; 1 Chit. Pl., 229; *State* v. *Palmer,* 35 Maine R., 13.

DAVIS, J.   The South Paris Manufacturing Company was incorporated by an act of the legislature, on the sixth day of February, 1836, and became indebted to the plaintiff in March, 1849.   This debt remaining unpaid, the plaintiff com-

Whitney *v.* Hammond.

menced a suit upon it, and in November, 1855, recovered judgment against the company for the sum of $1358.18. Execution was issued upon this judgment against the corporation, December 26, 1855, which was returned " in no part satisfied." An alias execution was issued on the second day of April, 1856, and the same was returned April 21st, with the certificate of the officer thereon, that he had demanded payment of the president, treasurer, and one of the directors, and they severally had refused to pay; that they informed him that there was no corporate property or estate; and that he had made diligent search for and could find no such property to satisfy said execution.

On the 30th day of said April, the plaintiff sued out a writ of *scire facias* against the defendants, as stockholders in said corporation. This writ was entered, and the defendants appeared, at the August term of this court, in 1856. The action was continued from term to term, until March, 1857, when one of the defendants presented a motion in writing, that the writ be quashed. This motion was sustained by the presiding judge, and the plaintiff excepted.

The first point in the defendants' motion is, " that the plaintiff's remedy, if any, is not by *scire facias*, but by an action of the case, or of debt."

By the general statutes of this state the stockholders of all corporations are made individually liable for the corporate debts, to the amount of their several shares. The creditor, having recovered his judgment against the corporation, if unable to find corporate property to satisfy the execution, could levy the same upon the property of the stockholders; or he might have an action on the case against them. R. S., ch. 76, ss. 18, 19, 20. The two sections last named were repealed in 1855, and a section substituted providing for an action of *scire facias.* This act, and the preceding sections of the Revised Statutes, were repealed in 1856, and a new remedy provided. Whether this repeal did not discharge stockholders from all personal liability for corporate debts

previously contracted, it is not necessary for us now to determine; for this repealing act did not take effect until May 11, 1856, and pending actions were saved; and this action was commenced April 30, preceding, and was then pending. And in 1857 an act was passed relieving stockholders in corporations from all personal liability beyond the loss of their stock. This renders the questions submitted to us of little public importance. But the rights of the parties to this suit remain the same as when it was commenced—all debts previously contracted, and all pending actions, being saved.

This action was commenced when *scire facias* was the statute remedy; and it is correct in form, unless "manufacturing corporations" are made an exception by ch. 109 of the statutes of 1844. This act prohibits manufacturing corporations from contracting debts beyond a limited amount, in proportion to their capital invested. By complying with it, the stockholders are relieved from all personal liability for the corporate debts. But if any company contracts debts to a larger amount, the stockholders are made personally liable for all the debts—to be recovered in the same manner, and within the same time, as is provided in ch. 76 of the Revised Statutes.

It is obvious that the ground of the individual liability of stockholders in manufacturing corporations, under this statute, is, "that the debts of such companies exceed the limitations aforesaid." The presumption is, that all corporations comply with the statute; and their violation of it, in actions against the stockholders, is the gravamen of the charge, to be alleged and proved. Whether the plaintiff's action is well brought in this respect, is not a question raised by the defendant's motion.

But we are of opinion that the form of the action is right. The statute of 1844 was not designed to repeal the provisions of the Revised Statutes. The exemption of manufacturing corporations from their operation was only upon certain conditions. And when, by the statute of 1855, the rem-

edy was changed to *scire facias*, it applied to such manufacturing corporations as should not comply with these conditions of the statute of 1844. All statutes *in pari materia* are to be construed as they stand together at a given time, and "are to be taken together, as if they were one law." Lord Mansfield, in *Ailesbury* v. *Patterson*, Douglas, 30. And when the plaintiff commenced his suit, *scire facias* was the remedy then provided by the Revised Statutes, as amended.

The second point in the defendant's motion is, "that the writ was sued out before the return day of the execution." The statute authorizes the commencement of the action as soon as the officer shall "ascertain and certify upon the execution, that he cannot find corporate property or estate." R. S., ch. 76, s. 18.

The liability of a stockholder for the debts of the corporation is not analagous to the liability of bail in case of the avoidance of the principal; nor to the liability of a trustee who has been charged. The statute of 1841, R. S., ch. 76, s. 18, 19, did not, like the statute of 1856, require the execution to be returned unsatisfied before any proceedings against the stockholders. It manifestly contemplated that the stockholders should be liable upon the same execution upon which the officer had "first ascertained and certified that he could not find corporate property or estate." The certificate must necessarily in such case have been made before the return day. The statute, as amended, in 1855, was not changed in regard to the certificate required. As soon as such certificate was made, and the execution was "returned unsatisfied *as aforesaid*," then the right to an action of *scire facias* accrued. And this might be done before the return day of the execution. *Gross* v. *Hilt*, 36 Maine R., 22.

The third objection is, "that the officer did not make the certificate upon the first execution." The facts necessary to render the stockholders personally liable, could as well be "ascertained and certified" upon the second execution as upon the first.

Neither of the objections taken by the defendant being

valid, we are of opinion that his motion should have been overruled.   The exceptions are therefore sustained.

MAY, J., having been counsel, did not sit at the hearing of this case.